IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUZ F. RIVERA | : | CIVIL ACTION |
| vs. | : | |
| JO ANNE B. BARNHART, et al. | : | NO. 05-6151 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL                                                                            April 9, 2007
UNITED STATES MAGISTRATE JUDGE

    This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income payments ("SSI") under Title XVI of the Social Security Act. Presently before this Court are Plaintiff's Statement of Facts and Narrative and the Defendant Commissioner's Response thereto.[1]

    On September 11, 2006, counsel presented oral argument.

---

[1] Consistent with the Procedural Order (paper #2), the Record, a Complaint (paper #1), an Answer (paper #7), Plaintiff's Brief (paper #11) and Defendant's Brief (paper #12) have been filed in this action.

**DISCUSSION**

I. **Legal Standards**

In her Complaint, the Claimant is challenging the decision of the Commissioner denying her claims for disability benefits.

The role of this court on judicial review is to determine whether there is substantial evidence to support the Commissioner's decision. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Knepp v. Apfel, 204 F.3d 78, 84 (3d Cir. 2000).  Substantial evidence is defined as the relevant evidence which a reasonable mind might accept as adequate to support a conclusion. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Morales v. Apfel, 225 F.3d 310, 316 (3d Cir. 2000).  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance of the evidence. See Morales v. Apfel, 225 F.3d at 316 (3d Cir. 2000).

It is not the role of the Court to review the Commissioner's decision de novo or re-weigh the evidence of Record. See e.g., Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

To establish a disability under the Social Security Act a Claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any `substantial gainful activity' for a statutory twelve-month period." Fargnoli v. Massanari, 247 F.3d at 38-39 (3d Cir. 2001) (quoting, Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)); 42 U.S.C. § 423(d)(1)(1982).  A Claimant can establish such a disability in either of two ways: (1) by producing medical evidence that one is disabled per se as a result of meeting or equaling certain listed impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2000), or (2) by demonstrating an impairment of such severity as to be unable to engage in any kind of substantial gainful work which exists in the national economy.  Heckler v. Campbell, 461 U.S. 458, 460

(1983); 42 U.S.C. § 423(d)(2)(A).

In the Decision to evaluate disability the sequential evaluation process was used.

> The Commissioner's regulations provide a five (5) step sequential evaluation process for determining whether or not a Claimant is under a disability. 20 C.F.R. § 404.1520. Step 1 states that an individual who is working will not be found to be disabled regardless of medical findings. 20 C.F.R. § 404.1520(b). Step 2 involves evaluating severe impairments. 20 C.F.R. § 404.1520©. Step 3 requires determining whether the Claimant has an impairment or combination of impairments which meets or equals a listed impairment in Appendix 1. 20 C.F.R. § 404.1520(d). Step 4 states that if an individual is capable of performing past relevant work, he will not be found to be disabled. 20 C.F.R. § 404.1520(e). Step 5 requires that if an individual cannot perform past relevant work, other factors must be considered to determine if other work in the national economy can be performed. 20 C.F.R. § 404.1520(f).

It is the ALJ's responsibility to resolve conflicts in the evidence and to determine credibility and the relative weights to be given to the evidence. Plummer v. Apfel, 186 F.3d at 429 (3d Cir. 1999); Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). The ALJ's conclusions must be accepted unless they are without basis in the record. Torres v. Harris, 494 F. Supp. 297, 301 (E.D. Pa. 1980), aff'd, 659 F.2d 1071 (3d Cir. 1981).

Upon appeal to this Court, the Secretary's factual determinations, if supported by substantial evidence, shall be conclusive; the conclusiveness applies both to findings of fact and to inferences reasonably drawn from that evidence. See Fargnoli v. Massanari, 247 F.3d at 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.").

**II.     Analysis**

The Claimant, at the time of the ALJ hearing was 43 years old.  She was illiterate in English, had a limited (sixth grade education) in Puerto Rico and had worked from 1996-1999 as a part-time health aide for elderly persons.[2]

Using an onset date of November 1, 2003, the Claimant appeared with an interpreter and counsel at a hearing on March 3, 2005.  A vocational expert was present also.

Mr. Rivera's medical records begin in 2001 with a diagnosis of cervical radiculopathy treated with three epidural steroid injections.  Further objective testing showed central disc herniations at three levels with bulging at two levels.  Pain, both at the cervical and lumbar sites was reported.  Operative lumbar procedures were performed in August 2002, followed by physical therapy and pain medication.[3]

Continuing complaints of feet numbness and pain resulted in a lumbar facet joint block in March 2003 "with good results".  Mrs. Rivera, earlier, had right carpal tunnel surgery "with good results".[4]  A brief hospitalization in September 2003 for abdominal pain, noted hypertension and insulin dependent diabetes.

In April 2004, an MRI showed mild left neural stenosis and moderate central canal stenosis at C3-4, C4-5, C5-6 and mild central canal stenosis at C6-7.  A consulting examination, performed in March 2004, affirms these impairments and provides a Residual Functional

---

[2] There are some references to her working prior to her onset date.  Tr. at 88-91.

[3] Medication listings are consistent with pain, high blood pressure, diabetes and sleeping difficulty.  Tr. at 83, 89 and 103.

[4] Tr. at 34-156.

4

Capacity (RFC) form of sedentary with limitations in pushing, pulling and postural activities with restricted lumbar and cervical flexion.[5]

There is substantial evidence to support a less than full sedentary RFC, based on the exertional limitations which are documented in the Record. This is coupled with her uncontested limited education, inability to communicate in English and inability to perform her prior relevant work.

What is less clear is the non-exertional limitation(s). A consulting examiner in February 2004 essentially rewrote her complaints and gave a diagnostic impression of Depression. The work adjustment permitted simple instructions but precluded social interaction or work adjustment conditions.[6]

Mental health progress notes in 2000 and 2003-4 describe marital conflicts, inertia, and anxiety with some counseling efforts. She is psychotropically medicated. While the ALJ has chosen to reject three in-person evaluations and accept the non-examining consultant's opinion, based on her ADLs and lack of acute hospitalization,[7] there is sufficient evidence to support non-exertional limitations which require simple tasks without concentration.[8]

However, the combination of her exertional and non-exertional limitations, her illiteracy and inability to communicate in English and lack of education and vocational skills cannot

---

[5] Tr. at 193-202. There are also references in the Record to weight gain and non-compliance with diabetic routine.

[6] Tr. at 170-174.

[7] At argument, there was mention of varying low GAF scores, running from 30 to 50.

[8] Tr. at 21-26.

support a finding of "not disabled".

## RECOMMENDATION

Accordingly, I recommend that the Plaintiff's Motion be granted and the case remanded to the Commissioner for the calculation and award of benefits.

 S/M.  FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE